Filed 1/27/22  P. v. Preciado CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B313831 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA088962) |
| v. | |
| VICTOR PRECIADO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Teresa P. Magno, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In May 2010, a jury found defendant and appellant Victor Preciado guilty of four counts of murder arising from three separate gang-related driveby shootings in November 2006. The jury found true the special allegation that a principal personally and intentionally discharged a firearm, within the meaning of Penal Code section 12022.53, subdivisions (b), (c), (d) and (e)(1) as to all four counts and found true the allegation that defendant personally used a firearm in the commission of the count 4 murder (*id.*, subds. (b)–(d)). The jury also found true the multiple murder special circumstance allegation (§ 190.2, subd. (a)(3)), and the special circumstance allegations that the murders were intentionally committed by means of discharging a firearm from a motor vehicle "with the intent to inflict death" (§ 190.2, subd. (a)(21)), and defendant intentionally committed the murders while an active gang member for purposes of furthering the activities of a criminal street gang (§ 190.2, subd. (a)(22)).

A jailhouse informant testified at trial that defendant confessed to being "the 'mastermind' behind a driveby shooting involving members of his gang" and also admitted using "a rifle to shoot a woman because his gang was feuding with another gang." (*People v. Preciado* (Mar. 21, 2012, B226362) [nonpub. opn.].)

Defendant was sentenced to life imprisonment without the possibility of parole, plus a consecutive sentence of 25 years to life on each of the four murder counts.

A panel of this court affirmed defendant's conviction in an unpublished decision after modifying the judgment to reduce the restitution fine to $10,000. (*People v. Preciado*, *supra*, B226362.)

In 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed. Penal Code section 1170.95 was enacted as part of the

legislative changes effected by Senate Bill 1437 and became effective January 1, 2019.  (Stats. 2018, ch. 1015, § 4.)

In November 2020, defendant filed in propria persona his petition for resentencing pursuant to Penal Code section 1170.95 requesting resentencing on the grounds he was convicted of the four murders as an aider and abettor.  The court appointed counsel for defendant and received briefing from the parties.

The trial court, without holding a hearing, denied defendant's petition.  The court explained it had considered the parties' briefing and the record of conviction, including the information, verdict forms and jury instructions in reaching its decision.  The court reasoned defendant was ineligible for relief because he had been found guilty of four counts of first degree murder, none of which was based on a felony murder or natural and probable consequences theory, and the special circumstance findings demonstrated the jury found defendant acted with the intent to kill in all four murders.

We appointed appellate counsel to represent defendant.  Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised.  The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record.  Counsel further declared she advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days, and forwarded copies of the record to defendant.  No supplemental brief was filed.

Counsel requested we exercise our discretion to independently review the record for error, citing *People v. Flores* (2020) 54 Cal.App.5th 266, 274 ("although it is not required under law, we think an appellate court can and should independently review the record on appeal when an indigent

defendant's appointed counsel has filed a *Wende* brief in a postjudgment appeal from a summary denial of a section 1170.95 petition (regardless of whether the petitioner has filed a supplemental brief)").

Other courts have concluded that where, as here, a defendant chooses not to file a supplemental brief, the Court of Appeal need not undertake *Wende* review but may dismiss the appeal as abandoned. (See, e.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 501 [because a defendant appealing from a postjudgment denial of a motion to vacate "has no constitutional right to counsel" he is not entitled to *Wende* review when appointed counsel finds no arguable issues].)

The Supreme Court is now considering the issue, that is "[w]hat procedures must appointed counsel and the Courts of Appeal follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit" and whether a defendant is "entitled to notice of these procedures." (*People v. Delgadillo* (Nov. 18, 2020, B304441) 2020 Cal.App. Unpub.Lexis 1185, review granted Feb. 17, 2021, S266305.)

Pending further guidance from the Supreme Court, we have exercised our discretion to independently review the record.

We have examined the entire record of proceedings submitted to this court and are satisfied that appointed counsel fully complied with her responsibilities in assessing whether or not any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.)

4

**DISPOSITION**

The order denying defendant's petition for resentencing is affirmed.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

HARUTUNIAN, J.[*]

---

[*] Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.